DIANA GRIBBON MOTZ, Circuit Judge,
concurring:
I join in holding that we lack jurisdiction to review the National Geospatial-Intelli-gence Agency’s (“NGA’s”) revocation of Mahmoud Hegab’s security clearance. Like Judge Davis, however, I believe He-gab’s complaint states a colorable constitutional claim; such is now the holding of the court. I also agree with Judge Davis, albeit on somewhat different grounds, that precedent prohibits us from reviewing the merits of the NGA’s individualized security clearance determination, even in light of Hegab’s colorable constitutional challenge. Accordingly, I concur in the judgment.
As to Hegab’s allegation of a constitutional violation, he asserts that the NGA revoked his security clearance because of concern regarding his wife’s “current affiliation with [an] ... organization ] which ... [is] organized largely around [its] non-United States origin and/or the advocacy of or involvement in foreign political issues,” i.e., her employment by Islamic Relief USA. Hegab alleges that this revocation ■ violated his constitutional rights because it “was based solely on [his] wife’s religion, Islam, her constitutionally protected speech, and her association with, and employment by, an Islamic faith-based organization.” These allegations certainly suffice to state a claim of discrimination that is “plausible on its face.” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
In Department of Navy v. Egan, 484 U.S. 518, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988), however, the Supreme Court held that federal courts generally lack jurisdiction to review an agency’s decision to deny or revoke an individual’s security clearance. For this reason, we have dismissed for lack of jurisdiction claims that an agency’s security clearance determination violated a petitioner’s statutory rights. See, e.g., Becerra v. Dalton, 94 F.3d 145, 148-49 (4th Cir.1996) (court lacked jurisdiction to review Title VII claim arising from Navy’s security clearance decision); Guillot v. Garrett, 970 F.2d 1320, 1323-26 (4th Cir.1992) (court lacked jurisdiction to review appellant’s claim that Navy’s denial of his security clearance violated Rehabilitation Act of 1973).
If Egan stood alone, clearly it would require dismissal here too. But in Webster v. Doe, 486 U.S. 592, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988), decided the same term as Egan, the Supreme Court appeared to hold, over vigorous dissents, that federal courts have jurisdiction to review constitutional challenges to security-related employment decisions. Id. at 601-605, 108 S.Ct. 2047. In Webster, the employee challenged as violative of his constitutional rights the CIA’s decision to discharge him *798 because he was homosexual, • in keeping with its policy of treating homosexuality as a potential security threat. Id. at 595, 602, 108 S.Ct. 2047. The Court found that, while the CIA had discretion to discharge an employee under the National Security Act, that statute did not preclude judicial review of an employee’s constitutional claims. Id. at 603-604, 108 S.Ct. 2047.
Prior to today, we have been able to avoid attempting to reconcile Egan and Webster. See, e.g., Jamil v. Sec’y, Dep’t of Def., 910 F.2d 1203, 1209 (4th Cir.1990). But we must do so in this case because we cannot assess Hegab’s constitutional claims without reviewing the merits of the NGA’s decision. It may well be that, if presented with the task of reconciling these two cases today, the Supreme Court would -hold, in accordance with Justice Sca-lia’s dissent in Webster and Judge Davis’s concurrence in the case at hand, that any challenge to an agency’s security clearance determination raises a non-justiciable po-: litical question. However, to date the Supreme Court has not so held.
Given the Court’s direction that we follow its cases until expressly overruled, Agostini v. Felton, 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997), and the possibility of reconciling Egan and Webster without holding Webster a dead letter, I follow a more conservative approach. In light of the holding in Egan, at most Webster permits judicial review of a security clearance denial only when that denial results from the application of an allegedly unconstitutional policy. Since Hegab alleges no unconstitutional policy but only an assertedly unconstitutional individualized adverse determination, his claim fails.
I recognize that some of the language in Webster sweeps broadly enough to suggest that judicial review extends to any constitutional challenge, but nothing in Webster indicates that it overruled Egan, which the Court issued only a few months earlier. And a court could assess the constitutionality of the CIA policy at issue in Webster without delving into the merits of an individualized security clearance determination, which Egan clearly prohibited.
In sum, although Webster may authorize us to review constitutional challenges to security clearance policies, it does not provide us with jurisdiction in this case, where Hegab makes no allegation of an assertedly unconstitutional policy. I note that this limited approach accords with that taken by those of our sister circuits to address the question of how to reconcile Egan and Webster. See El-Ganayni v. Dep’t of Energy, 591 F.3d 176, 183-86 (3d Cir.2010) (finding judicial review of constitutional claims appropriate only to the extent it would not require court to review merits of agency’s decision to revoke petitioner’s security clearance); Nat’l Fed’n of Fed. Emps. v. Greenberg, 983 F.2d 286, 289-90 (D.C.Cir.1993) (finding Egan did not- bar judicial review of constitutional challenge to questionnaire used in making security clearance determinations but distinguishing case from those “challenging, on constitutional grounds, discretionary judgments regarding a particular. employee’s security clearance”). This approach may not gain an employee his reinstatement, but it certainly could gain him money damages and attorneys’ fees.